**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-02263-WJM

DANNY ESPINOZA, SR.,

      Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

      Defendant.

---

**ORDER VACATING AND REMANDING
DECISION OF THE COMMISSIONER OF SOCIAL SECURITY**

---

This matter is before the Court on Plaintiff Danny Espinoza, Sr.'s appeal from the

Final Decision of Defendant Michael J. Astrue, the Commissioner of Social Security

("the Commissioner"), denying Mr. Espinoza's application for supplemental security

income.  Mr. Espinoza has filed his Opening Brief (ECF No. 13), the Commissioner filed

a Response (ECF No. 17), and Mr. Espinoza filed a Reply (ECF No. 19).  The

Commissioner has also filed the administrative record with the Court.  (ECF No. 8.)  On

May 18, 2011, this action was reassigned to the undersigned.  (ECF No. 20.)  After

carefully analyzing the briefs and the administrative record, the Court VACATES the

Commissioner's Final Decision and REMANDS for further proceedings consistent with

this Order.

## I.  JURISDICTION

The Court has jurisdiction over this matter under 42 U.S.C. § 405(g).

## II.  BACKGROUND

Mr. Espinoza was born in 1960.  (ECF No. 8, at 22, 116.)  Mr. Espinoza's

medical records indicate that he suffers from a number of medical conditions, and that

he has seen a number of medical providers over the years.  (*Id.* at 187-358.)  He does

not have an extensive employment history.  (*Id.* at 49-50.)

After Mr. Espinoza's application for supplemental security income was denied (*id.*

at 68-70), he requested a hearing before an administrative law judge (*id.* at 71-72).

Administrative Law Judge E. William Shaffer ("the ALJ") presided over Mr. Espinoza's

hearing on February 10, 2009.  (*Id.* at 28-64.)  Mr. Espinoza and vocational expert

Douglas Pruding testified at the hearing.  (*Id.*)

On November 15, 2009, the ALJ issued his decision (*id.* at 15-23), concluding

that Mr. Espinoza "has not been under a disability, as defined in the Social Security Act,

since April 25, 2007, the date the application [for supplemental security income] was

filed."  (*Id.* at 23.)  The ALJ made the following findings of fact and conclusions of law (in

line with the governing five-part test to determine disability, described *infra*).  First, the

ALJ held that Mr. Espinoza had not engaged in any substantial gainful activity since

April 25, 2007.  (*Id.* at 13.)  Second, the ALJ held that Mr. Espinoza's severe

impairments were reflex sympathetic dystrophy, status post left knee injury, status post

left shoulder injury, hepatitis C, history of kidney stones, high blood pressure, status

post facial injury, post traumatic stress disorder, anxiety, depression, social anxiety, and

history of polysubstance abuse.  (*Id.* at 17.)  Third, the ALJ held that Mr. Espinoza's

severe impairments do not meet or equal the established listing of impairments under

the governing regulations.  (*Id.* at 17-18.)  The ALJ then analyzed Mr. Espinoza's

residual functional capacity (*id.* at 18-22), concluding that Mr. Espinoza

> has the residual functional capacity to perform sedentary work . . . except
> that the claimant:  can sit for six hours of an eight-hour workday, stand for
> six hours in an eight-hour workday and walk for six hours of an eight-hour
> workday; can sit for three hours at one time, and can stand and walk for
> two to four hours at one time; as to the left upper extremity, is limited to
> occasional reaching in all directions, handling, fingering, feeling, pushing
> and pulling; as to the left lower extremity, may frequently push or pull; may
> frequently climb stairs, ramps, balance, stoop, kneel, crouch or crawl; may
> not crawl or climb ladders and scaffolds; must avoid concentrated
> exposure to humidity, wetness, temperature extremes and noise; is limited
> to unskilled work and decreased interpersonal contact due to social
> anxiety with the general public and co-workers; and has moderate
> limitations in social functioning.

(*Id.* at 18-19.)  As a result of this residual functional capacity assessment, and

considering Mr. Espinoza's age, education, and work experience, the ALJ held that

there are jobs that exist in significant numbers in the national economy that Mr.

Espinoza can perform (specifically, order clerk and surveillance system operator).  (*Id.*

at 22-23.)

Mr. Espinoza appealed the ALJ's decision (*id.* at 10-11), and the Appeals Council

denied her appeal (*id.* at 1-5).  Mr. Espinoza appealed that decision by initiating this

administrative appeal on September 15, 2010.  (ECF No. 1.)

## III.  ANALYSIS

### A.     Standard of Review

A district court's review of the Commissioner's determination that a claimant is

not disabled within the meaning of the Social Security Act is limited.  *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497 (10th Cir. 1992).  The review is limited to determining whether the Commissioner applied the correct legal standard and whether the Commissioner's decision is supported by substantial evidence.  *Id.* at 1497-98; *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  *Brown*, 912 F.2d at 1196.  It requires more than a scintilla of evidence but less than a preponderance of the evidence.  *Hedstrom v. Sullivan*, 783 F. Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).  Also, "[t]he failure to apply the correct legal standard or to provide [a reviewing] court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal."  *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (citation and internal quotation marks omitted); *see also Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996) ("[T]he Secretary's failure to apply the correct legal standards, or to show us that [he] has done so, are . . . grounds for reversal.").  Although a reviewing court should meticulously examine the record, it may not weigh the evidence or substitute its discretion for that of the Commissioner.  *Id.*

**B.      Evaluation of Disability**

The criteria to obtain disability insurance benefits under the Social Security Act are that a claimant meets the insured status requirements, is younger than 65 years of

age, and is under a "disability." *Flint v. Sullivan*, 951 F.2d 264, 267 (10th Cir. 1991).

The Social Security Act defines "disability" as the inability "to engage in any substantial

gainful activity by reason of any medically determinable physical or mental impairment

[that] can be expected to result in death or [that] has lasted or can be expected to last

for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).

There is a five-step sequence for evaluating disability. See 20 C.F.R. §

404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (describing five-step

analysis). If it is determined that a claimant is or is not disabled at any point in the

analysis, the analysis ends. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799,

801 (10th Cir. 1991). First, the claimant must demonstrate that he or she is not

currently involved in any substantial, gainful activity. 20 C.F.R. § 404.1520(b). Second,

the claimant must show a medically severe impairment or combination of impairments

that significantly limits his or her physical or mental ability to do basic work activities. *Id.*

§ 404.1520(c). At the third step, if the impairment matches or is equivalent to an

established listing under the governing regulations, the claimant is judged conclusively

disabled. *Id.* § 404.1520(d). If the claimant's impairment does not match or is not

equivalent to an established listing, the analysis proceeds to a fourth step. *Id.* §

404.1520(e). At the fourth step, the claimant must show that the "impairment prevents

[him or her] from performing work [he or she] has performed in the past." *Williams v.*

*Bowen*, 844 F.2d 748, 751 (10th Cir. 1988) (citations omitted); *see also* 20 C.F.R. §

404.1520(f). If the claimant is able to perform his or her previous work, he or she is not

disabled.  20 C.F.R. § 404.1520(f).  If the claimant is not able to perform his or her

previous work, the analysis proceeds to a fifth step.  At the fifth step, the Commissioner

must demonstrate: (1) that based on the claimant's residual functional capacity, age,

education, and work experience, the claimant can perform other work; and (2) the work

that the claimant can perform is available in significant numbers in the national

economy.  *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987); *see also* 20 C.F.R. §

404.1520(g).

## C.      Discussion

In his briefs, Mr. Espinoza argues, *inter alia*, that the ALJ's written decision does

not indicate that the ALJ sufficiently weighed the medical opinions of Dr. Knudsen, and

does not indicate that the ALJ weighed the medical opinions of Dr. Campbell, in

determining Mr. Espinoza's residual functional capacity.  The Court agrees, and vacates

and remands on that basis.

"An ALJ must evaluate every medical opinion in the record."  *Hamlin v. Barnhart*,

365 F.3d 1208, 1215 (10th Cir. 2004).  In determining what weight to give any medical

opinion, the ALJ must consider factors such as whether the physician personally

examined the claimant, whether the physician was a treating physician, the extent to

which the physician gave supporting explanations for her opinions, and the extent to

which the physician's opinions are consistent with the record as a whole.  *See* 20 C.F.R.

§ 416.927(d).  "After considering the pertinent factors, the ALJ must give good reasons

in the notice of determination or decision for the weight he ultimately assigns the

opinion." *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003) (quotation marks and brackets omitted).

As for Dr. Knudsen, the ALJ's decision identifies Dr. Knudsen as Mr. Espinoza's treating physician, but then only briefly discusses Dr. Knudsen's treatment of Mr. Espinoza's high blood pressure.  (ECF No. 8, at 20.)  However, the record indicates that Dr. Knudsen's primary involvement in the care of Mr. Espinoza was treating Mr. Espinoza for the pain he was experiencing in his left wrist.  (*Id.* at 257-59, 283-84, 287-90; *see also id.* at 27.)  Further, the record indicates that Dr. Knudsen filled out a Colorado Department of Human Services form on behalf of Mr. Espinoza, listing him as disabled and stating, "[Patient] needs adequate pain relief and may never be able to fully use [left] wrist."  (*Id.* at 255-56.)  Although a finding of disability under Colorado law is not determinative for purposes of disability under the Social Security Act, and although Dr. Knudsen filled out this form early in her treatment of Mr. Espinoza, the ALJ entirely failed to discuss Dr. Knudsen's apparent opinion as to Mr. Espinoza's pain in his left wrist.  *See Doyle v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003) ("[T]he ALJ must give good reasons in the notice of determination or opinion for the weight that is given the treating physician's opinion.") (quotation marks omitted).

This is particularly notable because the ALJ ultimately accorded significant weight to the opinions of two consultative examiners who examined Mr. Espinoza (*see id.* at 21), without sufficiently discussing the apparent opinion of Dr. Knudsen, a treating physician.  *See id.* ("The treating physician's opinion is given particular weight because

of his unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.") (quotations omitted).  This constituted reversible error.  *See Jensen*, 436 F.3d at 1165 ("The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal."); *Winfrey*, 92 F.3d at 1019 ("[T]he Secretary's failure to apply the correct legal standards, or to show us that [he] has done so, are . . . grounds for reversal.").

As for Dr. Campbell, the record indicates that Dr. Campbell filled out a Colorado disability form listing Mr. Espinoza as disabled based on his "mental illness" and "carpal tunnel."  (ECF No. 8, at 358.)  Although this form by Dr. Campbell was part of the record before the ALJ, *see id.* at 27, 33, the ALJ did not mention this apparent medical opinion at all in his decision.  While the Court is not passing judgment on the weight that should be accorded Dr. Campbell's apparent opinion, the ALJ's failure to discuss the opinion at all, or accord it a particular weight, also constituted reversible error.  *See Hamlin*, 365 F.3d at 1215; *Jensen*, 436 F.3d at 1165; *Winfrey*, 92 F.3d at 1019.

Because the Court vacates and remands based on the ALJ's failure to adequately identify and weigh the aforementioned apparent opinions of Dr. Knudsen and Dr. Campbell, the Court need not address the other arguments raised by Mr. Espinoza.  *See Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006) (where the ALJ's error affected the analysis as a whole, court declined to address other issues raised on

appeal).  The Court expresses no opinion as to Mr. Espinoza's other arguments and

neither party should take the Court's silence as tacit approval or disapproval of those

arguments.  The Court also does not intend by this opinion to suggest the result that

should be reached on remand; rather, the Court encourages the parties and the ALJ to

fully consider the evidence and all issues raised anew on remand.  *See Kepler v.*

*Chater*, 68 F.3d 387, 391-92 (10th Cir. 1995) ("We do not dictate any result [by

remanding the case].  Our remand simply assures that the correct legal standards are

invoked in reaching a decision based on the facts of the case.") (citation and quotation

marks omitted).

## IV.  CONCLUSION

For the foregoing reasons, it is ORDERED that the Commissioner's final decision

is VACATED and the case is REMANDED for further proceedings consistent with this

Order.

Dated this 23rd day of March, 2012.

BY THE COURT:

William J. Martínez
United States District Judge